IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            Cr. No. 00-485 JP

MARK ARNOULD,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On August 17, 2000, the Defendant filed a Motion to Reconsider Memorandum Opinion and Order filed August 1, 2000 (Doc. No. 37). On July 20, 2000, I held an evidentiary hearing on Defendant's Motion to Suppress Evidence and Supporting Memorandum (Doc. No. 25). The August 1, 2000 Memorandum Opinion and Order (Doc. No. 35) denied the motion to suppress. Having carefully reviewed this motion to reconsider and the applicable law, I conclude that the motion to reconsider should be denied.

I.  Standard of Review

Although not provided for by the Federal Rules of Criminal Procedure, the courts have created a common-law exception recognizing motions to reconsider in criminal cases.[1] *United States v. LaHue*, 998 F.Supp.1182, 1194 (D. Kan.1998), *aff'd by* 170 F.3d 1026 (10th Cir. 1999)(citing *United States v. Healy*, 376 U.S. 75, 78-80 (1964); *United States v. Corey*, 999 F.2d 493, 494-95 (10th. Cir.1983), *cert. denied*, 510 U.S. 1001 (1993)). "Such motions are essentially

---

[1] The Tenth Circuit, however, suggests that if the district court conducts an evidentiary hearing on a motion to suppress, then it is not obligated to reconsider an order denying the motion to suppress. *United States v. Wiseman*, 172 F.3d 1196, 1207-08 (10th Cir. 1999). Erring on the side of caution, I will nonetheless address the Defendant's motion to reconsider.

treated the same as motions to alter or amend judgment in the civil context under Fed. R. Civ. P. 59(e)." *Id.*(citation omitted). A motion for reconsideration is an opportunity for the court to correct manifest errors of law or to review newly discovered evidence. *Id.* (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)). Revisiting legal arguments already addressed by the court or which counsel could have raised previously is not the purpose of a motion to reconsider. *See id.* (citation omitted); *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993). The decision whether to grant a motion to reconsider is committed to the sound discretion of the court. *Thompson v. City of Lawrence*, *Kan.*, 58 F.3d 1511, 1514-15 (10th Cir. 1995) (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988)).

II. Discussion

      The Defendant argues that I should reconsider my August 1, 2000 Memorandum Opinion and Order because I did not consider the "dispositive holdings" of *United States v. Pappas*, 735 F.2d 1232 (10th Cir. 1984) and *Colorado v. Bertine*, 479 U.S. 367 (1987). Furthermore, the Defendant states that he can present additional evidence which could establish the illegality of the impoundment of his truck.

      A.  Consideration of *Pappas* and *Bertine*

      Contrary to the Defendant's assertion, I considered *Pappas* and *Bertine* in my August 1, 2000 Memorandum Opinion and Order at 6-9, 11. The Defendant also argues that I misapplied the facts of this case to the holdings in *Pappas* and *Bertine* and so erroneously concluded that the motion to suppress should be denied. This argument is in essence one to correct a manifest error of law. However, any quarrel the Defendant has with my conclusion is a difference of opinion with respect to my application of the facts of this case to the law set forth in *Pappas* and *Bertine*.

A difference of opinion does not constitute a commission of a "manifest" error of law.  *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)("mere disagreement does not support a Rule 59(e) motion."). A motion to reconsider is appropriate when the court has made an error of misapprehension, not of reasoning.  *United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir. 1990), *judgment vacated on other grounds by* 502 U.S. 1 (1991)(quotations omitted).  Here, the Defendant claims suggest that I made errors of reasoning.  Consequently, the motion to reconsider will not be granted on these grounds.

    B.  New Evidence

"[I]f the evidence was available at the time [the motion to suppress was denied], ... counsel [must have] made a diligent yet unsuccessful attempt to discover the evidence" in order to support a motion to reconsider.  *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994)(citations omitted).  The new evidence which the Defendant presents in his motion to reconsider consists of the following:  1) several officers at the scene of the Defendant's arrest had cellular telephones in their possession; and 2) the Defendant requested that his truck be released to an available third party.  This evidence was available prior to my denial of Defendant's motion to suppress.  The Defendant fails to indicate that he could not have obtained this new information through due diligence prior to or at the time of the suppression hearing on this matter.  In fact, the Defendant gives no reason why this new information could not have been obtained previously.  Requesting reconsideration on the basis of new evidence is, therefore, inappropriate in this case.

IT IS ORDERED that Defendant's Motion to Reconsider Memorandum Opinion and Order filed August 1, 2000 (Doc. No. 37) is denied.

							_____
							CHIEF UNITED STATES DISTRICT JUDGE

Counsel for USA:			Rhonda P. Backinoff
							AUSA
							Albuquerque, New Mexico

Counsel for Defendant
Mark John Arnould:		Michael A. Keefe
							AFPD
							Albuquerque, New Mexico